**GLACKIN v. UNITED STATES.**

Civ. A. No. P-1296.

United States District Court
S. D. Illinois, N. D.

July 30, 1952.

————♦————

Robert G. Day, Peoria, Ill., for plaintiff.

Howard L. Doyle, U. S. Atty., Springfield, Ill., Harry M. Weakley, Asst. U. S. Atty., Peoria, Ill., Paul O'Donoghue, Sp. Asst. to Atty. Gen., for U. S.

ADAIR, District Judge.

This cause coming on to be heard on the plaintiff's complaint, the answer of the defendant and the stipulation heretofore filed by the parties and the Court having heard the testimony of the plaintiff, the arguments of counsel and having examined the briefs submitted by both parties and being fully advised in the premises hereby finds:

Findings of Fact

1. That the plaintiff during the year 1949 and prior thereto was a citizen of the United States of America and an employee of the Trans-World Airlines at Peoria, Illinois; that during the year 1949 he made a request to his employer for a transfer for foreign service in Saudi Arabia which request was granted by

said employer and that in the month of December 1949 the plaintiff was given one week's special training for foreign service by his employer.

2. That in the latter part of December 1949 plaintiff left Peoria, Illinois, for New York City and boarded an airplane on December 28, 1949, for the purpose of proceeding to Saudi Arabia pursuant to his contract of employment; that the plaintiff arrived at Lisbon, Portugal, on December 29, 1949, proceeded to Rome, Italy, where he arrived on December 30, and then proceeded to Cairo, Egypt, where he arrived on January 1, 1950; that plaintiff worked at his company's office in Cairo until January 5, 1950.

3. That plaintiff remained in Saudi Arabia until March 15, 1950 when he was transferred to Basara, Iraq, at which place he continued to work for his said employer until December 28, 1950, at which time he departed for Cairo, Egypt, where he stayed for two days and then proceeded to Paris, France, where he arrived on December 31, 1950; then he left Paris January 1, 1951 enroute to the United States and arrived in New York City on the same day.

4. That during the period the plaintiff was in Saudi Arabia his work consisted of rendering service for his employer to airline passengers and the handling of administrative details for air freight; that one of the plaintiff's duties was the supervision of native help in and about the airport; that during the period the plaintiff was stationed in Iraq he held the title of "Operations Officer" for his company and became acquainted with the Mayor of Basara and the local game warden, represented his employer at a reception for the King of Iraq, attending a wedding ceremony of one of the native employees of his company and in other ways became acquainted with the people and customs of the countries in which he was employed.

5. That during the period the plaintiff was overseas he was not restricted in any way by his employer in the matter of selecting housing accommodations nor did his employer provide meals or lodging for him.

6. That according to the stipulation on file the plaintiff paid the sum of $180.88 to the Government of Iraq for income taxes on his earnings for the year 1950 and that the plaintiff received a credit for said taxes pursuant to the provisions of Section 131 of the Internal Revenue Code, 26 U.S.C.A. § 131, on his 1950 income tax return.

7. That on May 17, 1951, the plaintiff paid to V. Y. Dallman, Collector of Internal Revenue for the Eighth District of Illinois, the sum of $621.85, plus interest in the sum of $6.62 as income taxes for the year 1951.

8. That on or about May 25, 1951 plaintiff filed a claim for refund of said taxes which claim was disallowed by John B. Dunlap, Commissioner of Internal Revenue.

## Conclusions of Law

From the foregoing facts it is the opinion of this Court that the plaintiff was a bona fide resident of a foreign country or countries during the entire taxable year 1950 within the meaning of Section 116 (a)(1) of the Internal Revenue Code, 26 U.S.C.A. § 116(a)(1), and that the wages paid to him for said foreign service in the amount of $5,972.77 were received from sources without the United States and were exempt from income tax under the provisions of the aforesaid section of the Internal Revenue Code.

## Judgment

Judgment is hereby granted the plaintiff against the defendant for the sum of $628.-45 plus interest as provided by law from May 17, 1951 until date of payment.